UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Catherine Ju<br><br>  Plaintiff,<br><br>v.<br><br>MIG Capital Management, Inc.<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Niles, Illinois at all times relevant to this action.

2. Defendant is a Florida corporation that maintained its principal place of business in Tampa, Florida at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to GE Money, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. Throughout November 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions in connection with the collection of the debt.

13. During several of these communications, Plaintiff notified Defendant that Plaintiff such calls were prohibited by her employer and were inconvenient for her, but Defendant ignored these notices and continued to call Plaintiff's place of employment in connection with the collection of the debt throughout November 2010.

14. Defendant caused Plaintiff emotional distress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

17. In support hereof, Plaintiff incorporates paragraphs 12-13 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

19. In support hereof, Plaintiff incorporates paragraphs 12-13 as if specifically stated herein.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   233 S. Wacker, Suite 5150
   Chicago, IL 60606
   Telephone: 866-339-1156
   Email: tjs@legalhelpers.com
   Attorneys for Plaintiff